IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MORRIS DeWAYNE BOONE | § | |
| v. | § | CIVIL ACTION NO. 6:09cv516 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Morris Boone, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Boone was convicted of aggravated robbery in the 124th Judicial District of Gregg County, Texas, on September 13, 2002, receiving a sentence of 45 years in prison. He did not take a direct appeal, but sought state habeas corpus relief on April 1, 2008. This petition was denied on May 14, 2008, and Boone filed a second state habeas petition, which was dismissed as successive on July 29, 2009.

In his petition, Boone says that he pleaded guilty without an understanding of the nature of the charges and the consequences of the plea, his attorney and the State failed to turn over favorable evidence, he received ineffective assistance of counsel, and the conviction was obtained through the use of evidence obtained in an unlawful arrest.

After review of the pleadings, the Magistrate Judge issued a Report on March 18, 2010, recommending that the petition be denied. The Magistrate Judge cited the one-year statute of limitations which appears in 28 U.S.C. §2254(d) and said that Boone's petition, which is not signed

1

but which was obviously prepared after July 29, 2009, the date given therein for the denial of Boone's state habeas petition, was filed well outside of the limitations period. The Magistrate Judge observed that Boone's state habeas petitions were also filed outside of the limitations period and thus did not extend this period, and that Boone failed to show any basis for equitable tolling of the limitations period.

Boone filed objections to the Magistrate Judge's Report on April 2, 2010. In his objections, Boone says that his mental condition prevented him from seeking relief earlier. Boone states that he suffers from schizophrenia with a paranoia disorder, and that at the time of his previous habeas filings, he was under the influence of psychotropic medication. He is careful to point out that he has not been adjudicated as insane or incompetent, but only that his "legal capacity due to his psychiatric condition" prevented him from properly presenting his plea for habeas corpus relief. Boone says that this amounts to "extraordinary circumstances" and says that he is attaching records concerning his condition and the medication which he has been on, but no records are attached.

Boone offers nothing beyond his own conclusory allegations to show that he suffered from any mental deficiency, much less that this deficiency rendered him unable to seek habeas corpus relief. Court records show that in 2003, Boone sought federal habeas corpus relief regarding this same conviction, but the petition was dismissed without prejudice for failure to exhaust state remedies. Boone v. Director, TDCJ, 6:03cv40 (E.D.Tex., dismissed June 9, 2003, no appeal taken). In September of 2008, Boone filed a civil rights lawsuit in the Western District of Texas over an incident which had occurred at the Hughes Unit, which lawsuit remains pending. Boone v. Grounds, et al., civil action no. 6:08cv271.

In Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999), the petitioner asked for equitable tolling for the 17 days which he spent on a psychiatric ward, where he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied access to court. The Fifth Circuit, while recognizing the possibility that mental incompetency could support equitable tolling of a limitations period, held that such an exception did not apply in that case.

Similarly, in Smith v. Kelly, 301 Fed.Appx. 375, 2008 WL 5155222 (5th Cir., December 9, 2008), the district court denied the petitioner's request for equitable tolling based upon a claim of mental illness. In affirming this decision, the Fifth Circuit noted that mental illness did not toll the limitations period as a matter of right and that the petitioner bears the burden of proving rare and exceptional circumstances; even then, the Court said, equitable tolling would not be applied where the applicant failed to diligently pursue relief. The Fifth Circuit also noted as follows:

> Smith also makes purely conclusory allegations regarding his mental illness.. Although he states that he has been diagnosed with severe psychotic and /or schizophrenic tendencies, he nowhere explains how this prevented him from pursuing his legal rights.

The Court went on to note that:

> Unlike the petitioner in Fisher, Smith does not allege that he was forcibly confined or medicated, or deprived of access to legal materials, such that he simply could not pursue his legal rights during such a period [citation to Fisher omitted]. He merely asserts, without specifics: because of alleged mental illness, he could not pursue federal habeas relief within AEDPA's limitations period.

As in Smith, Boone makes only conclusory assertions that because of his alleged mental illness, he could not pursue relief. He does not explain how his claimed condition of "schizophrenia with a paranoia disorder" prevented him from pursuing his legal rights, nor even offer anything to show that he in fact suffers from such a condition. Although he says that he is attaching documentation to his objections, no such documentation is attached.

The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); *see* Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Boone's bald assertions that he suffered from mental illness and that this illness prevented him from exercising his legal rights, thus entitling him to equitable tolling, are unsupported and unsubstantiated by anything else in the record and thus lack probative evidentiary value. Boone has failed to show meet his burden of proof with regard to equitable tolling and his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Morris DeWayne Boone is hereby DENIED a certificate of appealability *sua sponte*. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 30th day of April, 2010.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**